UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, Tammy Braastad and Tim Mackey as Trustees of the Minnesota Laborers Vacation Fund, Tim Mackey and Fred Chase as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Mark Ryan and Dave Borst as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust, <br><br>     Plaintiffs, <br><br>vs. <br><br>J & J Holdings, LLC d/b/a Scrapbusters, <br><br>     Defendant. | Case No. _____ <br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.     Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2.      The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.      Defendant J & J Holdings, LLC is a Minnesota limited liability company that does business as Scrapbusters ("Scrapbusters).  Scrapbusters has a principal place of business of 616 Cedric Lane, Elko, Minnesota 55054.  Scrapbusters is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4.      This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5.      The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Scrapbusters is bound to the terms of various collective bargaining agreements negotiated between the Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, or a multi-employer bargaining committee of Building Contractors and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with terms of May 8, 2016 through April 30, 2019 ("Collective Bargaining Agreements").

8. The Collective Bargaining Agreements provide that Scrapbusters is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

9. The Collective Bargaining Agreements require Scrapbusters to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreements for each hour worked by its employees covered by the Collective Bargaining Agreements.

10. The Collective Bargaining Agreements require Scrapbusters to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Scrapbusters's monthly payment to the Funds.

11. The Collective Bargaining Agreements state that Scrapbusters shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

12. The Collective Bargaining Agreements require Scrapbusters to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Scrapbusters is accurately reporting hours to the Funds. If Scrapbusters fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Scrapbusters is liable for all of the hours worked by that individual for whom Scrapbusters is unable to produce satisfactory records verifying the type of work being performed by that individual.

13. Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Scrapbusters to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

14. If Scrapbusters fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Scrapbusters is liable for all of the hours worked by that individual for whom Scrapbusters is unable to produce satisfactory records verifying the type of work being performed by that individual.

15. The Collective Bargaining Agreements state that if Scrapbusters becomes delinquent, Scrapbusters shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

16. The Collective Bargaining Agreements state that if Scrapbusters becomes delinquent, Scrapbusters shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

17. The Collective Bargaining Agreements state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
## BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS

18. The Funds re-allege and incorporate by reference paragraphs 1-17 herein.

19. Scrapbusters breached the terms of the Collective Bargaining Agreements by failing to submit the remittance reports and contributions due and owing for the months of September and October 2017.

20. Upon information and belief, Scrapbusters employed individuals performing work covered by the Collective Bargaining Agreements during the months of September and October 2017 on whose behalf contributions are due and owing and continues to do so.

21. Scrapbusters is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Scrapbusters is unable to produce satisfactory records verifying the type of work performed by any such individuals.

22. Every month, until this matter is resolved either through dismissal or judgment, Scrapbusters will be obligated to remit fringe fund report forms as described

above as required by the Collective Bargaining Agreements and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

23. If Scrapbusters fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Scrapbusters's employees.

24. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

25. Scrapbusters should be enjoined from further refusal and failure to remit reports and contributions.

26. Pursuant to the Collective Bargaining Agreements, Scrapbusters is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

27. Scrapbusters is liable to the Funds for liquidated damages in the amount of ten percent of the unpaid contributions and interest charges on the unpaid contributions due and owing for the months of September and October 2017 and any other month that becomes due and owing during the pendency of this litigation pursuant to the Collective Bargaining Agreements.

## COUNT II
## ERISA DAMAGES

28. The Funds re-allege and incorporate by reference paragraphs 1-27 herein.

29. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

30. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against J & J Holdings, LLC d/b/a Scrapbusters as follows:

1. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions for the months of September and October 2017 accurately and completely identifying all hours worked by its employees during this period.

2. For an order requiring Defendant to submit to Plaintiffs all reports or calculations for contributions becoming due during the pendency of these proceedings accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: November 29, 2017			MCGRANN SHEA CARNIVAL
					STRAUGHN & LAMB, CHARTERED


					By:   s/ Amy L. Court
					         Carl S. Wosmek (Atty. No. 300731)
					         Amy L. Court (Atty. No. 319004)
					         Christy E. Lawrie (Atty. No. 388832)
					     800 Nicollet Mall, Suite 2600
					     Minneapolis, MN 55402
					     Telephone: (612) 338-2525
					     csw@mcgrannshea.com
					     alc@mcgrannshea.com
					     cel@mcgrannshea.com

					     *Attorney for Plaintiffs*

1067546.DOCX